UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| L. W., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02397-JMS-MJD |
| | ) | |
| ROMAN CATHOLIC ARCHDIOCESE OF | ) | |
| INDIANAPOLIS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO PROCEED UNDER PSEUDONYMS**

This matter is before the Court on Plaintiffs' Motion to Proceed Under Pseudonyms, [Dkt. 18], requesting that the Court allow Plaintiffs to pursue this action anonymously due to the nature of the Plaintiffs' allegations.  Defendants do not object to the motion.  *See* [Dkt. 21].  For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion.

## I.     Background

Plaintiff John Doe is 18 years old.  He has Downs Syndrome; his parents, Plaintiffs L.W. and J.P., are his legal guardians.  In this case, Plaintiffs allege that "[w]hile he was a student and athlete at Roncalli [High School], John Doe suffered multiple acts of discrimination, bullying, sexual, physical, and emotional abuse, harassment and hazing at the hands of peers, as well as Defendants' employees and/or agents."  [Dkt. 19 at 2.]

## II.    <u>Legal Standard</u>

There is a strong presumption in favor of open proceedings in which all parties are identified, but federal courts also have discretion to allow a plaintiff to proceed using a pseudonym to protect his identity.  *Doe v. Indiana Black Expo, Inc.*, 923 F. Supp. 137, 139 (S.D. Ind. 1996).  The presumption that parties' identities will be public information can be rebutted by showing that the harm to the plaintiff exceeds the likely harm from concealment.  *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

This Court has "an independent duty" to determine whether "exceptional circumstances" exist to justify a departure from the typical method of proceeding in federal court under a party's real name.  *Id.* at 669-70.  The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings."  *Does v. City of Indianapolis, Ind.*, No. 1:06-cv-865-RLY-WTL, 2006 WL 2289187, at *1-2 (S.D. Ind. Aug. 7, 2006).  In determining whether to allow a plaintiff to proceed anonymously, the non-exhaustive factors articulated in *EW v. New York Blood Center* are helpful:

> (1) whether the plaintiff is challenging governmental activity or an individual's actions; (2) whether the plaintiff's action requires disclosure of information of the utmost intimacy; (3) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct; (4) whether identification would put the plaintiff at risk of suffering physical or mental injury; (5) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and (6) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.

213 F.R.D. 108, 111 (E.D.N.Y. 2003); *see also Doe v. Ind. Black Expo*, 923 F. Supp. at 140 (applying nearly identical five-factor test).  Discretion when applying this test lies with the district court.  *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997).

Factors two, four, five, and six are relevant to the Court's analysis in this case and strongly weigh in favor of anonymity. The Court will discuss these factors below.

### III.     Discussion

The second factor strongly weighs in favor of Plaintiffs' request, which is demonstrated by the intimate details set forth in the Complaint, including Plaintiffs' allegations of bullying, including sexual harassment and abuse. While this information relates to John Doe, and not his parents, revealing John Doe's parents' identities would make it possible for John Doe's own identity to be readily ascertained.

The fourth factor lends support for anonymity as well. If John Doe's identity is revealed, there is a very real risk that he will suffer emotional injury, as he "continues to struggle with fear of public and private retaliation related to these events." [Dkt. 19 at 5.] Plaintiffs, quite reasonably, wish to avoid John Doe "being identified, now and forever, as the victim involved in this dispute." *Id.*

Under factor five, Defendants will not be prejudiced by Plaintiffs proceeding anonymously, and, as noted, Defendants do not oppose this motion. Thus, this factor favors Plaintiffs' request.

Finally, allowing Plaintiffs to remain anonymous will not interfere with the ability of the public to ascertain the status of this case. Plaintiffs' anonymity will not hurt the public interest in guaranteeing open access to proceedings, as the record will not be sealed. Moreover, "[t]he courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses. The actual identit[y] of Plaintiff[s] . . . [is] of minimal value to the public." *Doe v. Purdue Univ.*, 321 F.R.D. at 343.

## IV.   <u>Conclusion</u>

Despite the fact that the Seventh Circuit has expressed disapproval of anonymous litigants, in this case, the Court concludes that Plaintiffs' need for anonymity outweighs the presumption of openness in judicial proceedings.  Accordingly, the Court **GRANTS** Plaintiffs' Motion to Proceed Under Pseudonym.   [Dkt. 18.]   The Court hereby orders the following:

1. Plaintiffs may proceed in this case under the pseudonyms John Doe, L.W., and L.P.

2. All exhibits, memoranda, affidavits, and other papers filed with the Court in connection with this action shall be written or redacted so as to exclude Plaintiffs' true identity and to refer to Plaintiffs by their pseudonyms.

3. Any document that contains Plaintiffs' actual names or identifying information shall either have the names and identifying information redacted prior to filing or shall be filed under seal.

4. Defendants' counsel, Defendants, Defendants' agents, Defendants' employees, Defendants' assigns, or any other recipients of Plaintiffs' actual names, shall use the names for purposes of this litigation only and shall not further disclose the names to anyone, including without limitation to the public, to law enforcement, or the media, without leave of the Court.

5. The provisions of this Order shall survive the termination of the litigation.

SO ORDERED.

Dated:  1 DEC 2021

_____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.