UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| L.W. and J.P., Individually and as CO-GUARDIANS of JOHN DOE, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:21-cv-02397-JMS-MJD |
| ROMAN CATHOLIC ARCHDIOCESE OF INDIANAPOLIS, INC. and | ) ) ) | Judge Jane Magnus-Stinson |
| RONCALLI HIGH SCHOOL, INC. | ) ) | Judge Mark S. Dinsmore |
| Defendants. | ) | |

**<u>DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT</u>**

Defendants Roman Catholic Archdiocese of Indianapolis, Inc. (the "Archdiocese") and Roncalli High School, Inc. ("Roncalli" and, with the Archdiocese, "defendants"), by and through its undersigned attorneys, hereby submit this reply in support of their motion to dismiss the claims plaintiffs L.W. and J.P. (together, "plaintiffs") assert in their amended complaint. (ECF # 23, 27, 28.)

**<u>INTRODUCTION</u>**

Despite having been twice presented with the exact same arguments for dismissal from defendants, plaintiffs offer very little rebuttal in their response to defendants' second motion to dismiss. (ECF # 33.) Plaintiffs response largely ignores the relevant law and relies instead on conclusory assertions that are unsupported by their factual

1

allegations. This confirms that the deficiencies defendants have identified with plaintiffs' amended complaint cannot be cured through repleading. Accordingly, this court should dismiss plaintiffs' federal claims with prejudice and terminate the case.

## ARGUMENT

**1. Plaintiffs Have Waived Any Argument With Respect to At Least Two of the Defects Defendants Identified in Plaintiffs' Amended Complaint**

It is well established in this circuit that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *Shroyer Bros., Inc. v. Nichols*, 116CV00735JMSDML, 2016 WL 7455310, at *9 (S.D. Ind. Dec. 28, 2016) (quoting *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000)). Yet "perfunctory," "undeveloped," and "unsupported by pertinent authority" are apt descriptions for several of the "arguments" in plaintiffs' response. Indeed, this Court can — and should — dispose of this case entirely based on plaintiffs' failure to adequately address two of the key defects defendants identified in the amended complaint.

First, and most significantly, plaintiffs do not develop their three-sentence "argument" that defendants receive sufficient federal financial assistance to trigger coverage under Title IX and the Rehabilitation Act. (ECF # 33 at 5–6.) As defendants have explained twice, plaintiffs' conclusory allegation that defendants have "an agreement with the United States Department of Agriculture … to provide free and low-cost breakfasts to children at their member schools" is insufficient to establish that Title IX and the Rehabilitation Act apply to defendants. (ECF # 14 at 11–12; ECF # 28 at 13–14.)

2

Plaintiffs do not attempt to distinguish any of the authorities defendants have cited, much less cite contrary authority that supports their position that the alleged existence of an agreement between the Archdiocese and the Department of Agriculture to provide breakfasts to students triggers coverage under Title IX and the Rehabilitation Act.[1] As explained in defendants' original brief, such financial assistance is too attenuated to constitute "Federal financial assistance" for purposes of those federal statutes.

Second, plaintiffs' response does not mention the Americans with Disabilities Act ("ADA") at all. As defendants have also explained twice, the ADA has no possible application to this case because neither defendant is a "public entity" within the meaning of Title II of the ADA (ECF # 14 at 14–15; ECF # 29 at 15.) Plaintiffs do not articulate any argument to the contrary. Further, plaintiffs appear to acknowledge that they do not have a viable ADA claim in their prayer for relief, which requests only that the Court allow plaintiffs to proceed with their "federal claims under both the Rehabilitation Act and Title IX," without mentioning the ADA. (ECF # 33 at 7.)

2. **Plaintiffs' Own Allegations Confirm That Their Title IX and Rehabilitation Act Claims Are Not Plausible**

If the Court agrees with defendants regarding the two issues discussed above, then the Court will have a basis for dismissing all of plaintiffs' federal claims, and it need not

---

[1] Plaintiffs cite 34 C.F.R. §§ 104.4, 104.39, but these regulations merely describe what entities covered by the Rehabilitation Act are prohibited from doing; they do not address the antecedent question of how defendants could become recipients of "Federal financial assistance" within the meaning of the Rehabilitation Act (or Title IX).

consider defendants' remaining arguments. Nonetheless, defendants will also address plaintiffs' responses to the additional bases for dismissal that defendants have identified.

### A. Plaintiffs' Allegations Confirm That Any Harassment John Doe May Have Experienced Was Based on Disability, Not Sex, As Required Under Title IX

Plaintiffs devote nearly half of their brief to arguing the uncontroversial point that "sexually-violent hazing by same-sex teammates of a school sports team [can] satisfy the gender-based motive requirement of a claim under Title IX." (ECF # 33 at 3.) Defendants do not dispute that, under certain circumstances, hazing perpetrated by members of the same sex can be actionable under Title IX. But here the amended complaint alleges more than once that John Doe was discriminated against and harassed "solely by reason of his disability." (ECF # 23 ¶¶ 68, 72.) Accordingly, plaintiffs' own allegations confirm that the alleged discrimination was based upon John Doe's disability, not gender. As a result, plaintiffs' Title IX claim should be dismissed.

### B. Plaintiffs' Allegations Confirm That Defendants Were Not Deliberately Indifferent to Any Severe and Pervasive Harassment John Doe May Have Experienced

Additionally, plaintiffs have not plausibly alleged that defendants were deliberately indifferent to severe and pervasive harassment against John Doe. Although plaintiffs cite *Jauquet v. Green Bay Area Catholic Educ., Inc.*, 996 F.3d 802 (7th Cir. 2021), they do not respond substantively to defendants' argument that *Jauquet* requires dismissal of plaintiffs' deliberate indifference claims under Title IX and the Rehabilitation Act. (ECF # 28 at 9–12.) Instead, plaintiffs cite a single non-precedential decision from

4

another district for the proposition that the facts alleged in their amended complaint "are sufficient to state a claim that defendants' conduct was clearly unreasonable." (ECF # 33 at 7 (citing *Doe v. Macomb Cmty. Unit Sch. Dist. No. 185*, No. 1:18-cv-01072-SLD-JEH, 2020 U.S. Dist. LEXIS 247132 (C.D. Ill. Mar. 30, 2020).) Plaintiffs assert that *Macomb* is analogous to this case because both cases involve allegations that "the investigation and disciplinary measures taken were inadequate, and no measures were taken to protect the victim from the perpetrator." (*Id.*)

In addition to being non-precedential and predating the Seventh Circuit's binding decision in *Jauquet*, the facts in *Macomb* are easily distinguishable from the allegations in this case. The plaintiffs in *Macomb* were two female high school students who alleged that they were sexually harassed and assaulted by the same male student for nearly three years. 2020 U.S. Dist. LEXIS 247132, *4–8, 17–22. One plaintiff alleged that "M.P" sent her inappropriate text messages, made inappropriate comments to her, and forcible groped her underneath her clothing on multiple occasions when they were both freshmen. *Id.* at *5–6. The other plaintiff alleged that M.P. forcibly kissed and penetrated her vagina with his fingers on multiple occasions when she was a freshmen and he was a senior. *Id.* at *17–18. This serious, criminal misconduct was reported to school officials several times, yet school officials conducted only a limited investigation into the allegations and took no disciplinary action against M.P. *Id.* at * 51–52, 66.

5

Nor are the allegations in this case remotely analogous to the other two out-of-circuit district court cases plaintiffs cite during their discussion of same-sex harassment. (*See* ECF # 33 at 3–5.) *John Doe B v. Chandler Unified School District* involved allegations that, over the course of two years, members of the varsity football team subjected multiple younger teammates to a variety of forced sex acts, including "[p]enetrating buttocks with highlighters, broom handles, and hands; pulling down pants and underwear; restraining players while simulating sex acts and exposing genitalia; butt-slapping and nipple-twisting," and that an assistant coach witnessed some of these acts on at least one occasion without doing anything about it. No. 18-cv-1485, 2018 U.S. Dist. LEXIS 228446, *2 (D. Ariz. Aug. 21, 2018). Likewise, the plaintiffs in *Doe v. Hamilton Cty. Bd. or Educ.* were physically restrained and sexually attacked with a pool cue by other members of their high school basketball team, with one plaintiff sustaining life-threatening injuries. 329 F. Supp. 3d 543, 551, 562 (E.D. Tenn. 2018). Further, the evidence suggested that the team's coaches had actual knowledge that such assaults occurred frequently during team trips, yet took no action to prevent them. *Id.* at 529.

By contrast, the amended complaint in this case describes two isolated incidents that allegedly occurred just two weeks apart. (ECF # 23 ¶¶ 23, 25.) Plaintiffs do not allege that the two incidents involved the same students or that the students had a history of abusing other students in general or John Doe in particular. Nor do plaintiffs allege that other students touched John Doe inappropriately or used any type of force against him.

6

And, the amended complaint itself confirms (1) Roncalli officials have policies in place to prevent such bullying incidents, (2) they immediately investigated both incidents described in the amended complaint, and (3) the students involved were disciplined. (*Id.* ¶¶ 9–13, 29, 44.) Again, "Title IX does not require a school to satisfy a victim's parent's remedial requests," and plaintiffs have fallen far short of plausibly alleging deliberate indifference on the part of defendants. *Jauquet, Inc.*, 996 F.3d at 808.

Finally, despite what plaintiffs assert in a footnote of their response (ECF # 33 at 3 n.2), defendants do dispute that the harassment alleged in the amended complaint "was so severe, pervasive, and objectively offensive that it deprived him of access to educational opportunities." As explained above, the two isolated incidents discussed in the amended complaint — though regrettable — simply do not involve the type of ongoing, forcible conduct at issue in the cases plaintiffs rely upon.

### 3. Plaintiffs Do Not Contend That These Defects in the Amended Complaint Can Be Cured Through Repleading

Plaintiffs' response to defendants' motion to dismiss also confirms that their federal claims should be dismissed with prejudice. Plaintiffs' amended complaint is virtually indistinguishable from their original complaint. (*Compare* ECF # 1, *with* ECF # 23.) Accordingly, defendants raised the exact same arguments for dismissing both complaints. (*Compare* ECF # 14, *with* ECF # 28.) That (1) plaintiffs did not make substantive amendments to their pleadings in response to the first motion to dismiss; and (2) do not

request leave to amend their pleadings again now, confirms that the deficiencies discussed herein cannot be cured through repleading.

## CONCLUSION

For the reasons stated above and in defendants' memorandum in support of their motion to dismiss, defendants respectfully request that this Court dismiss plaintiffs' federal claims with prejudice, decline to exercise supplemental jurisdiction over plaintiffs' negligence claim, and terminate this case from the Court's docket.

Dated: December 22, 2021

Respectfully submitted,

*Michael C. Terrell*

Michael C. Terrell
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500
mterrell@taftlaw.com

Andrew S. Murphy
TAFT STETTINIUS & HOLLISTER LLP
111 E. Wacker Dr., Suite 2800
Chicago, Illinois 60601
(312) 836-4145
amurphy@taftlaw.com

*Counsel for Defendants Roman Catholic Archdiocese of Indianapolis, Inc. and Roncalli High School, Inc.*

8

## Certificate of Service

I hereby certify that on December 22, 2021, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*Michael C. Terrell*
Michael C. Terrell
