UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| L. W. Individually and as Co-Guardian of JOHN DOE, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1:21-cv-02397-JMS-MJD<br>) |
| ROMAN CATHOLIC ARCHDIOCESE OF INDIANAPOLIS, INC., et al., | )<br>)<br>) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF THEIR MOTION TO DISMISS**

This matter comes before the Court on Defendants' Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss. [Dkt. 39.] Plaintiffs filed an Amended Complaint that asserts claims for negligence and negligence *per se*, as well as claims pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 et seq., Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq., and Title IX, 20 U.S.C. § 1681, et seq. [Dkt. 23.] Defendants have filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) seeking to dismiss Plaintiffs' federal claims. [Dkt. 27.] Defendants further ask the Court to decline to exercise its supplemental jurisdiction over Plaintiffs' tort claims. [*Id.*; Dkt. 28 at 16-17.] The motion to dismiss is now fully briefed.

The Court does not typically stay cases during the pendency of motions to dismiss, and sees no reason to do so in this case. While Defendants contend that Plaintiffs' federal claims should be dismissed with prejudice, and without addressing the merits of the motion to dismiss,

it is far from clear that Plaintiffs would be foreclosed from repleading any federal claims that might be dismissed. Further, the decision to decline to exercise supplemental jurisdiction is entirely discretionary, and in any event would in no way extinguish Plaintiffs' tort claims, as even if all the relief sought by Defendants was granted, Plaintiffs could refile their tort claims in state court. Therefore, any discovery completed in this matter in the interim would not be wasted.[1] In light of that, Defendants' request for a stay is much more delay-for-the-sake-of-delay than any effort to minimize discovery expenses in this matter.

Federal Rule of Civil Procedure 1 dictates that the federal rules "should be construed, administered, and employed by the court and parties to secure the just, **speedy**, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Defendant's motion seeks to sacrifice Plaintiffs' right to a speedy determination of their claims through what would, at best, be a deferral of the costs of discovery.[2] Accordingly, Defendants' motion to stay discovery [Dkt. 39] is **DENIED**.

SO ORDERED.

Dated:  18 JAN 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

---

[1] Interestingly, Defendants' motion represents that no discovery has been served, so Defendants have not articulated any actual burden in their motion to stay. However, such failure is not the basis for the Court's denial of Defendants' motion to stay.

[2] Further, Defendants' motion fails to identify any discovery that might occur during the liability phase that would not relate to Plaintiffs' tort claims, which will continue to exist even if Defendants' motion to dismiss is granted in its entirety. Discovery necessary to the tort claims would only be delayed by the stay sought by Defendants, not "streamlined" as Defendants claim.

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.