UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| L.W. and J.P., *individually and as Co-Guardians of John Doe, an incapacitated adult*, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | No. 1:21-cv-02397-JMS-MJD |
| *vs.* | ) ) ) | |
| ROMAN CATHOLIC ARCHDIOCESE OF INDIANAPOLIS, INC. and RONCALLI HIGH SCHOOL, INC., | ) ) ) ) | |
| *Defendants*. | ) | |

### **AMENDED ORDER**[1]

Plaintiffs L.W. and J.P., individually and as Co-Guardians of John Doe, an incapacitated adult, initiated this litigation on September 7, 2021 against Defendants the Roman Catholic Archdiocese of Indianapolis, Inc. ("the Archdiocese") and Roncalli High School, Inc. ("Roncalli"). Plaintiffs allege that their son was subjected to discrimination, bullying, abuse, harassment, and hazing while a student at Roncalli and that Defendants failed to implement policies, customs, and practices to address that treatment. When Defendants filed a Motion to Dismiss, Plaintiffs filed an Amended Complaint in response. Defendants then filed a Motion to Dismiss the Amended Complaint, and Plaintiffs have now filed a Motion to Amend in which they seek to file a Second Amended Complaint. [Filing No. 41.] That motion is now ripe for the Court's decision.

---

[1] This Order amends the Court's February 4, 2022 Order. [Filing No. 47.] The Court amends the Order to note that Plaintiffs filed a reply brief in support of their Motion for Leave to File Second Amended Complaint, [Filing No. 46]. The reply brief does not change the Court's reasoning set forth in the February 4, 2022 Order. This Order also notes that the Clerk has already docketed Plaintiffs' Second Amended Complaint as a separate docket entry. [Filing No. 48.]

1

# I.
## BACKGROUND

In their initial Complaint, Plaintiffs set forth claims against Defendants for: (1) violation of Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, et seq.; (2) violation of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq. ("ADA"); (3) violation of Title IX, 20 U.S.C. § 1681, et seq.; and (4) negligence and negligence per se. [Filing No. 1.] On November 1, 2021, Defendants filed a Motion to Dismiss in which they argued that: (1) Plaintiffs had not plausibly alleged a claim of deliberate indifference under the Rehabilitation Act or Title IX; (2) Plaintiffs had not adequately alleged that Defendants receive federal financial assistance, as needed for their Rehabilitation Act and Title IX claims; (3) the Complaint's allegations contradict the notion that any harassment John Doe experienced was based on his sex, which is a necessary element of a Title IX claim; (4) Defendants are not "public entities" under Title II of the ADA; and (5) the Court should decline to exercise supplemental jurisdiction over Plaintiffs' state law claims. [Filing No. 14 at 7-15.]

Instead of responding to Defendants' Motion to Dismiss, Plaintiffs filed a First Amended Complaint on November 22, 2021. [Filing No. 23.] Defendants filed a Motion to Dismiss the First Amended Complaint on November 24, 2021, arguing that "what few amendments [to their Complaint] plaintiffs made mostly consist of adding additional conclusory language – as opposed to additional facts that might tip plaintiffs' claims into the realm of plausibility." [Filing No. 28 at 2.] Defendants set forth the same arguments they asserted in their first Motion to Dismiss. [Filing No. 28 at 7-17.] The parties fully briefed the second Motion to Dismiss. [*See* Filing No. 33; Filing No. 35.]

The Court has not yet ruled on Defendants' second Motion to Dismiss and on January 21, 2022, Plaintiffs filed a Motion for Leave to File Second Amended Complaint. [Filing No. 41.]

## II.
### DISCUSSION

In their Motion for Leave to File Second Amended Complaint, Plaintiffs state that since the filing of the First Amended Complaint and the briefing of the corresponding Motion to Dismiss, they "have discovered additional information related to the allegations in their First Amended Complaint and the subjects of the defendants' pending Motion to Dismiss." [Filing No. 41 at 2.] Specifically, Plaintiffs request that they be permitted to amend their Complaint to "include additional factual support related to the extent, significance, and nexus to John Doe of the defendants' receipt of federal funds, which is at issue in the pending Motion to Dismiss." [Filing No. 41 at 2.] Plaintiffs also state that they would like to voluntarily dismiss their ADA claim. [Filing No. 41 at 2.]

In response, Defendants argue that Plaintiffs' proposed amendment is futile because "[e]ven if the additional allegations regarding defendants' alleged receipt of federal funding are sufficient to render plausible plaintiffs' assertion that the anti-discrimination provisions in Title IX and the Rehabilitation Act apply to defendants – and defendants submit that they are not – plaintiffs have not even attempted to cure the other deficiencies defendants have identified with plaintiffs' pleadings." [Filing No. 43 at 3-4.] Defendants contend that Plaintiffs "still do not allege any action or inaction on the part of the Archdiocese and still do not allege facts giving rise to a plausible inference that Roncalli officials were deliberately indifferent to [peer-on-peer] bullying John Doe allegedly experienced on two isolated occasions." [Filing No. 43 at 4 (emphasis omitted).] Defendants also argue that they would be prejudiced if Plaintiffs are allowed to file a Second Amended Complaint and "should not be required to incur the unnecessary burden and expense of filing a third motion to dismiss…merely because plaintiffs again moot defendants' pending motion

to dismiss by making non-substantive changes that do not cure the fundamental deficiencies in plaintiffs' federal claims." [Filing No. 43 at 4.]

Plaintiffs filed a reply brief. [Filing No. 46.]

A motion for leave to amend a complaint is evaluated under Federal Rule of Civil Procedure 15(a)(2), which provides that courts "should freely give leave [to amend] when justice so requires."  *See also* Alioto v. Town of Lisbon, 651 F.3d 715, 719 (7th Cir. 2011). That said, "the right to amend is not absolute." *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir. 1982). Leave to amend is within the Court's discretion and may be inappropriate where there exists "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court does not find that any of the circumstances making amendment inappropriate are present here. First, Plaintiffs' motion was not filed with undue delay. The Case Management Plan provides that "[a]ll motions for leave to amend the pleadings…shall be filed on or before January 21, 2022," [Filing No. 26 at 3 (emphasis omitted)], and Plaintiffs filed their Motion For Leave to File Second Amended Complaint on that date, [Filing No. 41].

Second, there is no indication of bad faith or dilatory motive on Plaintiffs' part. Plaintiffs note in their motion that they have discovered information which they would like to add to support their claims and to address arguments raised by Defendants in their previous Motions to Dismiss, and Defendants have not presented any reason for the Court to doubt that.

Third, as for a repeated failure to cure deficiencies by amendments previously allowed or futility of amendment, Defendants' argument is premised in part on the assumption that the claims which are unaffected by Plaintiffs' proposed amendments should be dismissed. This is an issue

4

the Court will decide when considering a Motion to Dismiss – and not in connection with Plaintiff's Motion for Leave.  Along those lines, the Court reminds Defendants that the Court must accept all well-pled facts as true and will draw all permissible inferences in favor of Plaintiffs when considering a Motion to Dismiss.  *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019).  The Court must adhere to that standard of review and cannot make judgments regarding whether certain allegations are, in fact, true at the motion to dismiss stage.

Finally, the Court rejects Defendants' argument that they will be prejudiced if amendment is allowed.  If, as Defendants argue, Plaintiffs are only minimally and ineffectively amending their allegations, Defendants will be able to file a renewed Motion to Dismiss that borrows heavily from the motions it has already filed in this case.  This is not a situation where Plaintiffs seek to amend to add a claim or party, and the Court finds that Defendants would not be prejudiced by amendment.  *Cf. Murphy v. White Hen Pantry Co.*, 691 F.2d 350, 353 (7th Cir. 1982) (affirming district court's denial of leave to amend because amendment would "inject[ ] an entirely new theory of liability into the lawsuit,…requir[ing] reopening discovery and further delay[ing] the trial").

In sum, the Court does not find that undue delay, bad faith or dilatory motive, futility, or prejudice are present here and **GRANTS** Plaintiffs' Motion for Leave to File Second Amended Complaint.  [Filing No. 41.]

### III.
#### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Leave to File Second Amended Complaint.  [41.]  The Clerk has docketed Plaintiffs' Second Amended Complaint, [Filing No. 41-1], as a separate docket entry.  [Filing No. 48.]  Defendants' Motion to Dismiss directed at Plaintiffs' First Amended Complaint, [27], is **DENIED AS MOOT**.  Defendants shall

5

answer or otherwise respond to the Second Amended Complaint in accordance with the Federal Rules of Civil Procedure.

Date: 2/7/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**