UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| L. W., et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ROMAN CATHOLIC ARCHDIOCESE OF<br>INDIANAPOLIS, INC., et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)   No. 1:21-cv-02397-JMS-MJD<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

This matter is before the Court on the Parties' Joint Motion for Extension of Case Management Deadlines. [Dkt. 74.] The Court, being duly advised, hereby **GRANTS IN PART** and **DENIES IN PART** the motion. The approved Case Management Plan as amended [Dkts. 26 & 62] is further amended as follows:

**III. Pretrial Pleadings and Disclosures**

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiffs shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before **December 6, 2022**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) or (C) on or before **January 13, 2023**.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **April 3, 2023**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **January 17, 2023**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any

witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

### IV.  Discovery and Dispositive Motions

B.  On or before **October 17, 2022**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based. A party's failure to file a timely statement of claims or defenses may result in the waiver of the party's claims or defenses.  A party's failure to include in the party's statement of claims or defenses a claim or defense upon which the filing party has the burden of proof may result in the waiver of the omitted claim or defense.

C.  Non-expert witness discovery and discovery relating to liability issues shall be completed by **October 11, 2022**; all remaining discovery shall be completed by **March 20, 2023**.

D.  Defendants shall file any dispositive motion on or before **November 7, 2022**; Plaintiffs shall respond to Defendants' dispositive motion, and shall include any cross-dispositive motion, on or before **December 5, 2022**; Defendants shall respond to Plaintiffs' cross-dispositive motion, and shall include any reply in support of Defendants' dispositive motion, on or before **January 11, 2023**; Plaintiffs shall file any reply in support of their cross-dispositive motion on or before **January 25, 2023**.

### VI.  Trial Date

This matter will be ready for trial in or after **August, 2023**. The trial is by **jury** and is anticipated to take **four days**.

All other requirements of the approved Case Management Plan as amended [Dkts. 26 & 62] remain in effect.

**No further enlargement of these deadlines is anticipated**.

On or before **July 28, 2022**, the parties shall file a joint motion to continue the trial to a date in or after August, 2023.

The Court, *sua sponte*, hereby **RESCHEDULES** the November 15, 2022 telephonic status conference to **Wednesday, August 10, 2022 at 11:30 a.m. (Eastern)** to discuss case status and the parties' Joint Report on the Status of Discovery, which is due on August 8, 2022. All other requirements of the Court's Order [Dkt. 71] remain in effect.

In addition, this matter is scheduled for a settlement conference on **Tuesday, February 14, 2023 at 9:00 a.m. (Eastern)**, in Room 257, United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana, before Magistrate Judge Mark J. Dinsmore.

**Unless excused by order of the court, clients or client representatives with complete authority to negotiate and communicate a settlement shall attend the settlement conference along with their counsel.**  This requires the presence of each party, or the authorized representative of each corporate, governmental, or other organizational entity.  Any legal entity and/or any insurance company that is a party, or is contractually required to defend or indemnify any party, in whole or in part, must have a fully authorized settlement representative present at the conference.  That representative must have final settlement authority to commit the company to pay, in the representative's own discretion, the amount of plaintiff's most recent demand, or in the case of the representative of an insurance company that is not a party, the total amount within any policy limits, if such amount is lower than the plaintiff=s most recent demand; such representative may not be counsel of record for a party in the matter.[1]  The purpose of this requirement is to have in attendance a representative who has the authority to exercise discretion to settle the case during the settlement conference without consulting someone else who is not present.

---

[1] A representative of a corporate party or an insurance company who has any predetermined limits upon the extent of their authority to resolve this matter fails to satisfy this requirement.  The purpose of this requirement is to ensure that each legal entity and insurance company participating in the proceeding has present a representative who can listen to the arguments and other discussion which take place during the settlement conference and make a full and independent determination regarding the appropriate settlement value of the case without reference to any person or group of persons not present at the settlement conference and who can articulate the reasons for such determination to the Court based upon their sole and independent judgment.

In addition, unless excused by written order of the court, every individual party, and an officer (President, Vice President, Treasurer, Secretary, CFO, CEO or COO) of every corporate entity that is a party, shall attend the settlement conference.

**No other persons are permitted to attend the settlement conference without leave of Court.**

**On or before five (5) business days before the settlement conference, the parties may, but need not, submit (not file) a supplemental confidential settlement statement** setting forth a **brief** statement of: (1) relevant facts, including any key facts that the party believes are admitted or in dispute; (2) damages, including any applicable back pay, mitigation, compensatory and/or punitive damages, or any other special damages; (3) the existence of any applicable liens; and (4) any pending or anticipated dispositive or other substantive motions and citation to controlling precedent in support of their respective legal positions.  The confidential settlement statement should not exceed five pages, and submission of exhibits should be kept to a minimum. **Confidential settlement statements should be submitted via email to MJDinsmore@insd.uscourts.gov.**  There is no need to follow any email submission with a hard copy.

**No later than January 21, 2023, Plaintiff(s) shall serve an updated settlement demand on Defendant(s),** which demand shall include a breakdown of any special damages sought by the Plaintiff(s), as well as a detailed explanation of the basis for any other amounts claimed in the demand (the "Demand").  The Demand should represent the actual initial good faith negotiating position of the Plaintiff(s) at the time it is made.  **No later than February 4, 2023, Defendant(s) shall serve a good faith response to the Demand.**  Such response should represent the actual initial good faith negotiating position of the Defendant(s) at the time it is made.  **The parties shall submit (not file) courtesy copies of their respective demand and**

**response to the Court at the time of service.  These should be emailed to the Magistrate Judge at [MJDinsmore@insd.uscourts.gov](mailto:MJDinsmore@insd.uscourts.gov).**

If, after the making of the demand and/or offer set forth above, an event occurs or information is discovered that materially alters the settlement position of any party, then a revised demand and/or offer shall be immediately proffered and any other confidential submissions to the Court that may be required in light of such altered settlement position(s) shall be immediately made.

If there exist any liens or potential liens upon Plaintiff(s)' potential recovery, Plaintiff(s)' counsel shall fully inform themselves of the nature and amount of all such liens and shall undertake to negotiate a resolution of such liens in advance of the settlement conference and shall make arrangements to be in telephonic communication with representatives of any such lienholders during the course of the settlement conference for the purpose of negotiating a final resolution of any such liens.

The parties are instructed to jointly prepare and submit (not file) a draft settlement agreement, noting any disagreement by the parties.  The agreement in question should represent, to the extent possible in the circumstances, the final written agreement intended by the parties to resolve the case and should contain all material provisions that any party believes should be contained within such document, such that the settlement agreement proposed can be executed in full and final settlement of the matter at the successful conclusion of the settlement conference. **The draft settlement agreement shall be emailed to the Magistrate Judge in Word format at [MJDinsmore@insd.uscourts.gov](mailto:MJDinsmore@insd.uscourts.gov) no later than five (5) business days before the settlement conference.**

Counsel for the parties shall immediately notify their clients and any other necessary participants of the date of the settlement conference, and any request to vacate or continue the

settlement conference must be made by motion filed with the Court **on or before July 29, 2022**, except in exigent circumstances.  These motions will be granted only for good cause.

Failure to comply with any of the provisions in this Order may result in sanctions.

SO ORDERED.

Dated:  14 JUL 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.